**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Paul W. Garrity
212.634.3057 direct
pgarrity@sheppardmullin.com

April 13, 2021

**VIA EMAIL**
**spencer@spencersheehan.com**

Spencer Sheehan, Esq,
Sheehan & Associates PC
60 Cutter Mill Rd, Suite 409
Great Neck, NY 11021

Re:   *Gordon v. Target Corporation,* Civil Action No. 7:20-cv-09589 (S.D.N.Y.)

Dear Spencer:

As you know, we represent Target Corporation ("Target") in the above-referenced matter.  In accordance with Section II.A of the Individual Rules of Practice of the Honorable Kenneth M. Karas, this is a pre-motion letter with Target's position as to why the Complaint herein fails as a matter of law.

Plaintiff alleges that Target engaged in false and misleading advertising related to its Toddler Next Stage milk drink powder (the "Product").  Plaintiff's claims are all premised on the same contention, that Target's labeling of the Product materially misleads caregivers of young children to believe that the Product "is nutritionally appropriate" for infants and toddlers.  Compl. ¶ 14.  Plaintiff alleges that while children's nutritional needs should be provided "only with whole cow's milk and healthy foods," the labeling of the Product causes caregivers to make incorrect nutritional decisions. Compl. ¶ 24.  Based on these allegations, Plaintiff asserts five causes of action against Target in the Amended Complaint: (1) violation of the New York General Business Law (the "NYGBL") § 349 and § 350; (2) negligent misrepresentation; (3) breach of express warranty, implied warranty of merchantability and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*. (the "MMWA"); (4) fraud; and (5) unjust enrichment.  Each claim fails for the reasons stated herein.

   1.   **Plaintiff Fails to State a Claim of Violation of NYGBL § 349 or § 350**

To state an actionable claim under NYGBL § 349 or § 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Sarr v. BEF Foods Inc*., 18-cv-6409 (ARR) (RLM), 2020 WL 729883, at *3 (E.D.N.Y. Feb. 13, 2020) (citing *Orlander v. Staples, Inc*., 802 F.3d 289, 300 (2d Cir. 2015)).  To be misleading under § 349 or § 350, "[plaintiff] must establish that [the]

**SheppardMullin**

Spencer Sheehan, Esq.
April 13, 2021
Page 2

allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances." *Solak v. Hain Celestial Grp., Inc.*, 3:17-CV-0704, 2018 WL 1870474, at *3 (N.D.N.Y. Apr. 17, 2018) (citing *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)).  A plaintiff "must do more than plausibly allege that a 'label might conceivably be misunderstood by some few consumers.'" *Jessani v. Monini N. Am., Inc.*, 744 Fed. Appx. 18, 19 (2d Cir. Dec. 3, 2018).  Rather, they must "plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." *Twohig v. Shop-Rite Supermarkets, Inc.*, 2021 WL 518021, at *3–9 (S.D.N.Y. Feb. 11, 2021)(quoting *Sarr v. BEF Foods, Inc.*, No. 18-CV-6409, 2020 WL 729883, at *3 (E.D.N.Y. Feb. 13, 2020)).

Plaintiff does not and cannot identify a statement on the label for the Product that she alleges to be false. Rather, the Complaint is built upon nothing more than the speculation that purported similarities between the labeling for the Product and Target's infant formula as misleading caregivers to believe "that infants and young toddlers have identical nutrient requirements . . ." Compl. ¶ 14.  The front label for the Product, however, specifies the Product is intended for children aged "1+ Years," and describes it as a "milk drink powder" to accurately identify the Product's basic nature.  As the label for the Product is not likely to mislead a reasonable consumer, Plaintiff's NYGBL claims fail.  *See Melendez v. One Brands*, No. 18- cv-06650, 2020 U.S. Dist. LEXIS 49094, at *18 (E.D.N.Y. Mar. 16, 2020) (dismissing claims under §§ 349 and 350 because "a reasonable consumer acting reasonably under the circumstances would not understand the front label in the way alleged by the plaintiff" (citations omitted)).

2.     **Plaintiff Fails to Plead Negligent Misrepresentation**

Plaintiff alleges that Target had a duty to disclose and/or provide non-deceptive labeling of the Product and its nutritional appropriateness, uses, components and ingredients. Compl. ¶¶ 70-75.  Under New York law, "[a] claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information[.]"  *Sarr v. BEF Foods Inc.*, 18-cv-6409 (ARR) (RLM), 2020 WL 729883, at *6 (E.D.N.Y. Feb. 13, 2020).  A special relationship exists if the defendant "possess[es] unique or specialized expertise" or is "in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified."  *Id*. "To plead a special relationship, plaintiffs must show that they were a 'known party or parties.'" *Barreto v. Westbrae Nat., Inc.*, No. 19-CV-9677, 2021 WL 76331, at *7 (S.D.N.Y. Jan. 7, 2021)(quoting *Sykes v. RFD Third Ave. 1 Assocs., LLC*, 938 N.E.2d 325, 326 (N.Y. 2010)). "Being 'one of a class of potential' recipients of a statement will

**SheppardMullin**

Spencer Sheehan, Esq.
April 13, 2021
Page 3

not suffice." *Id.* (quoting *Westpac Banking Corp. v. Deschamps*, 484 N.E.2d 1351, 1353 (N.Y. 1985)).

Here, Plaintiff cannot allege the existence of a special or privity-like relationship. Although Plaintiff alleges that Target's representations took advantage of "trust placed in defendant, a well-known and respected brand in this sector," Compl. ¶ 73, courts have held that a defendant's status as a trusted brand does not give rise to a special relationship when, as here, plaintiffs comprise "a faceless or unresolved class" of consumers. *Sarr*, 2020 WL 729883, at *6; *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-CV-4697, 2016 WL 6459832, at *9 (S.D.N.Y. Oct. 26, 2016).

   3. **Plaintiff Fails to State a Claim for Breach of Warranty, Implied Warranty of Merchantability and Magnuson Moss Warranty Act**

Plaintiff also brings a breach of express warranty, implied warranty of merchantability and MMWA claim. Compl. ¶¶ 77-83.  Target did not expressly warrant that the Product is more suitable for toddlers 12 months and older than cow's milk.  Target accurately identified all the ingredients contained in the Product.  Plaintiff's breach of warranty claim is thus properly dismissed.  *Sarr*, 2020 WL 729883, at *11-12; *Reyes v. Crystal Farms Refrigerated Distribution Co.*, 18-CV-2250, 2019 WL 3409883, at *5 (E.D.N.Y. July 26, 2019) (dismissing claim when plaintiff has not plausibly alleged that representations at issue were false or misleading).

Plaintiff's claim for breach of implied warranty similarly fails because Plaintiff fails to establish a direct contractual relationship with Target.  "When plaintiffs allegedly suffer only financial, as opposed to personal injuries, privity of contract between the plaintiffs and the defendant is a necessary element of the breach of implied warranty claim."  *Sarr*, 2020 WL 729883, at *8 (internal citations omitted).  Plaintiff fails to allege privity.  Finally, Plaintiff fails to allege that there were any written warranties under the MMWA, which must exist for the statute to apply.  *Sarr*, 2020 WL 729883, at *9.

   4. **Plaintiff Fails to State a Claim for Fraud**

To state a claim for fraud under New York law, plaintiffs must allege: "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance: (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff."  *Sarr*, 2020 WL 729883, at *9 (citing *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001)).  To adequately plead fraud, Plaintiffs must meet the particularity requirement in Rule 9(b) of the Federal Rules of Civil Procedure, which "requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4)

**SheppardMullin**

Spencer Sheehan, Esq.
April 13, 2021
Page 4

explain why the statements (or omissions) are fraudulent." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 403 (2d Cir. 2015) (citation omitted). Although Rule 9(b) "permits a plaintiff to allege scienter generally, . . . the Second Circuit has 'repeatedly required plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent.'" *Barreto*, 2021 WL 76331, at *8 (quoting *United States ex rel. Tessler v. City of New York*, 712 F. App'x 27, 29 (2d Cir. 2017) (summary order)).

As stated above, Plaintiff fails to allege any affirmative misrepresentations upon which Plaintiff reasonably relied.  Plaintiff also fails to allege that Target intended to defraud consumers.  Plaintiff merely alleges that "Defendant's fraudulent intent is evidenced by its failure to accurately identify the Product on the front label..." Compl. ¶ 86.  That does not constitute "strong circumstantial evidence of conscious misbehavior or recklessness" which is required to state a claim for fraud. *Sarr*, 2020 WL 729883, at *9.

### 5. The Unjust Enrichment Claim Should be Dismissed as Duplicative

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted: (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution."  *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (internal citation omitted).  Under New York law, "unjust enrichment is not a catchall cause of action to be used when others fail . . . [and] [a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012).  Because Plaintiff has failed to show how her unjust enrichment claim differs from her NYGBL claims, the unjust enrichment claim must be dismissed.  *Nelson v. Millers Coors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017); *see also Alce v. Wise Foods, Inc.*, No. 17-CV-2402, 2018 WL 1737750, at *12 (S.D.N.Y. Mar. 27, 2018) (dismissing unjust enrichment claim based on "a mere regurgitation of those [allegations] made with respect to plaintiffs' . . . claims under the GBL").

Very truly yours,

*/s/ Paul W. Garrity*

Paul W. Garrity
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


cc: Hon. Kenneth M. Karas (via ECF)