UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOVELYN GORDON, individually and on behalf of all others similarly situated,

                             Plaintiff,

    v.

TARGET CORPORATION,

                             Defendant.

No. 20-CV-9589 (KMK)

ORDER OF DISMISSAL

---

KENNETH M. KARAS, United States District Judge:

    On March 18, 2022, the Court granted Defendant's Motion To Dismiss. (*See* Dkt. No. 23.) The Court dismissed Plaintiff's claims without prejudice—with the exception of Plaintiff's claim for injunctive relief, which the Court dismissed with prejudice—and gave Plaintiff 30 days to file an amended complaint addressing the deficiencies identified in the Opinion & Order, warning Plaintiff that failure to abide by the 30-day deadline would result in dismissal of the Action with prejudice. (*See id.*) Plaintiff has declined to file an amended complaint. (*See* Dkt.)

    This Court has the authority to dismiss a case for failure to prosecute. *See* FED. R. CIV. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "'a harsh remedy that should be utilized only in extreme situations,'" *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021) (summary order) (quoting *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009)). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also Simmons v. Mason*, No. 17-CV-8886, 2021 WL 1164573, at *2–3 (S.D.N.Y. Mar. 26, 2021) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was offered the opportunity to file an amended complaint over a month ago, and was warned that failure to file an amended complaint would result in dismissal with prejudice. (*See* Dkt. No. 23.) Plaintiff has not filed an amended complaint, (*see* Dkt.), and informed the Court via telephone that she does not intend to file an amended complaint. Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See Wood v. Byrd*, No. 16-CV-8142, 2021 WL 4311346, at *2 (S.D.N.Y. Sept. 21, 2021) (dismissing case for failure to prosecute after the plaintiff failed to comply with three separate orders to file an amended complaint, even after extensions of time); *Herring v. Kiszke*, No. 20-CV-8765, 2021 WL 3887614, at *1–2 (S.D.N.Y.

Aug. 31, 2021) (dismissing case for failure to prosecute where "[the] [p]laintiff . . . failed to comply with [the court's orders] and has not communicated with the [c]ourt" in four months); *DeJesus-Vasquez v. Bethencourt*, No. 19-CV-967, 2021 WL 3540553, at *2 (S.D.N.Y. Aug. 10, 2021) (dismissing case for failure to prosecute where the plaintiff "was instructed at least five times that a failure to file an amended complaint or to show cause as to why this case should not be dismissed may result in dismissal," and failed to do so).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: April 20, 2022
White Plains, New York

_____
KENNETH M. KARAS
United States District Judge